**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIAM FOSBRINK, on behalf of himself**
**and on behalf of all others similarly situated,**

<b>Plaintiffs,</b>

**v.**                                        **CASE NO. :**

**AREA WIDE PROTECTIVE, INC.,**

<b>Defendant.</b>

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM FOSBRINK, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendant, AREA WIDE PROTECTIVE, INC., including, subsidiaries, divisions and affiliates ("Defendant" or "AREA WIDE"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §1681 et seq.

## PRELIMINARY STATEMENT

1.     Defendant is a traffic control company that provides traffic control services in support of construction and infrastructure projects all over the country.

2.     Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

3.      The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Defendant"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

4.      Defendant willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its applicants and employees – ***in a document that consists solely of the disclosure*** – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendant willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his consumer report.

6.      Defendant also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and classes consisting of Defendant's employees and prospective employees.

8.      Furthermore, one of the key protections the FCRA provides consumers in the employment context the requirement that employers—*before* they use a consumer report

background check to make an adverse employment decision—provide consumers with a copy of the report and a written summary of their FCRA rights.

9.      Defendant violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

10.      In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Area Wide Protective, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Area Wide within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

11.      In Count Three, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Area Wide Protective, Inc. employees and prospective employees in the United States against whom adverse employment action was taken by Area Wide, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

12.      On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13.      Individual and representative Plaintiff, William Fosbrink ("Plaintiff") lives in Florida, was formerly employed by Defendant in this district and is a member of the Putative Class defined below.

14.     Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1331, and venue is proper because Defendant does business, maintains offices, and performs services in this District.

### ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES
*Background Checks*

16.     Defendant conducts background checks on many of its job applicants as part of a standard screening process.  In addition, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

17.     Defendant does not perform these background checks in-house.   Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

*FCRA Violations Relating to Background Check Class*

18.     Defendant procured a consumer report information on Plaintiff in violation of the FCRA.

19.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

> (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

20.     Defendant failed to satisfy these disclosure and authorization requirements.

21.     Defendant did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

22.     The FCRA also contains several other notice provisions, such as 15 U.S.C. §1681b(b)(3)(a) (pre-adverse action); §1681b(4)(B)(notice of national security investigation); §1681c(h) (notification of address discrepancy); §1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information); §1681h (form and conditions of disclosure; and §1681m(a) (notice of adverse action).

23.     The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.  This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

24.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

25.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the

inclusion of information on the form apart from the disclosure and related authorization violates §1681b(b)(2)(a).")

26.     Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, *Legal Concepts Meet Technology: A 50 State Survey of Privacy Laws,* ACSAC, (December 2011) (available at https://www.acsac.org/2011/workshops/gtip/p-Russom.pdf).

27.     Defendant knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Defendant's violations were willful because Defendant knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

28.     Defendant's conduct is also willful because:

    a.     Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

    b.     Defendant knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

    c.     Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

29.     Defendant acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendant

had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

### FCRA Violations Relating to Adverse Action Class

30.     The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. §1681b(b)(3)(A)(i).

31.     Defendant typically does not provide consumers with a copy of their consumer reports before taking adverse action against them based on the information in such reports. In the instant case, Plaintiff was terminated from employment on the basis of information contained in Plaintiff's consumer report that was obtained by Defendant and; however, Plaintiff never received any pre-adverse action notice from Defendant.

32.     Defendant's practice also runs counter to long-standing regulatory guidance from the FTC.  Specifically, 15 U.S.C. §1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information.[1]

33.     By failing to provide Plaintiff and other Putative Class members with the information required by 15 U.S.C. §1681b(b)(3)(A) before taking adverse employment action

---

[1] Letter from William Haynes, Fed. Trade Comm'n, to A. Michael Rosen, Esq., Sr. VP Background America, *Inc.* (Jun. 9, 1998), 1998 WL 34323763 (F.T.C.) at *1, available at: https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-rosen-06-09-98.

against them based on the information contained in such reports, Defendant willfully disregarded this unambiguous regulatory guidance as well as the plain language of the statute, in violation of 15 U.S.C. §1681b(b)(3)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

34.    Plaintiff applied for employment with Defendant on or around February 2, 2016 as a traffic control specialist.

35.    Plaintiff was terminated on March 13, 2017 purportedly because "something came up on his background check."

36.    Defendant procured a consumer report on Plaintiff.    The consumer report contained private, confidential information about Plaintiff.

37.    It was unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

38.    Plaintiff was distracted by the presence of additional information in the purported FCRA Disclosure.  Specifically, Defendant unlawfully inserted extraneous provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements.

39.    Plaintiff was confused about his rights due to the presence of the additional language contained in Defendant's forms.

40.     Defendant failed to satisfy the FCRA requirements pertaining to the FCRA

Disclosure form when it procured Plaintiff's consumer report without the making the proper disclosures.

41.     Defendant violated 15 U.S.C. §1681b(b)(3)(A) when it took adverse employment action against Plaintiff and other putative class members based on information in their consumer reports without first providing Plaintiff and other affected class members with a copy of their consumer reports, notifying them of their rights under the FCRA, and giving them a reasonable opportunity to respond to the information in the report and engage in discussion with Defendant.

42.     The FCRA requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency.. .[within] the 60-day period," and (v) it is providing the

employee with "notice of the consumer's right to dispute… with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." *See* 15 U.S.C. §§1681b and 1681m.

43.     Defendant failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff asserts claims under Counts 1 and 2 of this Complaint on behalf of a Putative Background Check Class defined as follows:

> **All Area Wide Protective, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by All Area Wide Protective, Inc within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

45.     In Count Three, Plaintiff asserts a FCRA claim under 15 U.S.C. §1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Area Wide Protective, Inc. employees and prospective employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

46.     Numerosity:   The members of the Putative Classes are so numerous that joinder of all Class members is impracticable.   Defendant regularly obtains and uses information in  consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

47.     Typicality:     Plaintiff's claims are typical of those of the members of the Putative Classes. Defendant typically uses consumer reports to conduct background checks

on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

48.   <u>Adequacy</u>:    Plaintiff is a member of and will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

49.   <u>Commonality</u>:   Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

> a.   Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;
>
> b.   Whether Defendant's background check practices and/or procedures comply with the FCRA;
>
> c.   Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;
>
> d.   Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;
>
> e.   Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing a copy of the report to the affected persons;
>
> f.   Whether Defendant's violation of the FCRA was willful;
>
> g.   The proper measure of statutory damages; and
>
> h.   The proper form of injunctive and declaratory relief.

50.     This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

51.     This case is also maintainable as a class action because Defendant acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

52.     Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.   Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

53.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

**FIRST CLAIM FOR RELIEF**
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. §1681b(b)(2)(A)(i)**

54.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-53.

55.     In violation of the FCRA, the FCRA Disclosure form Defendant required the Background Check Class to complete as a condition of its employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. §1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

***Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(i): Informational Injury***

56.     Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure. *Nicklaw v. Citimortgage*, Inc. 2016 WL 5845682, *3 (11th Cir. Oct. 6, 2016)("Plaintiff must suffer some harm or risk of harm from the statutory violation to invoke the jurisdiction of a federal court.");[2] *Church v. Accretive Heath, Inc*., 0216 U.S. App. Lexis 12414, *1 (11th Cir. July

---

[2] In *Nicklaw*, the plaintiff sued Citimortgage under a New York state statute requiring the filing of a discharge of a mortgage within a specific timeframe. By alleging only that Defendant failed to perform a routine ministerial task in a timely fashion pursuant to New York state law, the Court found Plaintiff failed to allege facts establishing "that he suffered or could suffer any harm that could constitute a concrete injury" for purposes of Art. III standing. *Id*., *4. For example, the plaintiff did not even allege "he or anyone else was aware the certificate of discharge had not even been recorded during the relevant time period." *Id*., *3. The instant case is distinguishable from *Nicklaw*. The instant case alleges violation of a federal right created by Congress, not a state law. Moreover, Plaintiff alleges the

6, 2016), *3, n. 2 (rejecting Defendant's argument that a plaintiff "cannot satisfy the demands of Article III standing by alleging a bare procedural violation," the Court stated  "This statement is inapplicable to the allegations at hand, because Church has not alleged a procedural violation. Rather, Congress provided Church with a substantive right to receive certain disclosures and Church has alleged that Accretive Health violated that substantive right."); *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016) (Dimitrouleas, W.)(denying Defendant's motion to dismiss plaintiffs'  claims pursuant to 15 U.S.C. §1681b(b)(2) noting "Plaintiffs sufficiently alleged a concrete and particularized injury and thus have standing to sue pursuant to *Spokeo*"); *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016)(holding that "it was Congress' judgment, as clearly expressed in §§ 1681b(b)(2) … to afford consumers rights to information and privacy," and thus that "the rights created by §§1681b(b)(2) are substantive rights.")

57.    Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Defendant injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

58.    Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format

---

FCRA violations caused informational injury and invaded Plaintiff's privacy.  Therefore, Plaintiff has alleged the "concreteness" required for Art. III standing.

required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury. *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016); *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016).

59.     Defendant's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### Plaintiff's Second Concrete Injury under §1681b(b)(2)(A)(i): Invasion of Privacy

60.     Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

61.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.  Defendant invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27,

2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

62.     The forgoing violations were willful. At the time Defendant violated 15 U.S.C. §1681b(b)(2)(A)(i) Defendant knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Defendant's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendant's willful conduct is also reflected by, among other things, the following facts:

   a.     Defendant knew of potential FCRA liability (which is precisely why it tried to avoid it);

   b.     Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

   c.     Defendant knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

   d.     Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

63.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

64.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**SECOND CLAIM FOR RELIEF**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15  U.S.C. §1681b(b)(2)(A)(ii)**

65.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-53.

66.    Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

67.    The authorization requirement under 15 U.S.C. §1681b(b)(2)(A)(ii) follows the disclosure requirement of §1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of …material information' is a nullity.")

*Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(ii): Informational Injury*

68.    Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure. *Church v. Accretive Health, Inc.,* 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016); *Moody v. Ascenda USA Inc.,* Case No.: 16-cv-60364 (S.D. Fla. October 5, 2015). *Thomas v. FTS USA,* 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016).

69.    Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment

purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Defendant injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

70.     Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment.

71.     Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

72.     Defendant's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

***Plaintiffs' Second Concrete Injury under §1681b(b)(2)(A)(ii): Invasion of Privacy***

73.     Additionally, Defendant invaded Plaintiff's right to privacy and intruded upon his seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).   Plaintiff's consumer report contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so.   Defendant invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

74.     The foregoing violations were willful.  At this time Defendant violated 15 U.S.C. §1681b(b)(2)(A)(ii). Defendant knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA Disclosure form was executed on or about February 2, 2016. A plethora of authority, including both case law, and FTC opinions, existed at the time of Defendant's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendant's willful conduct is

also reflected by, among other things, the following facts:

      a.      Defendant knew of its potential FCRA liability (which is precisely why it tried to avoid it);

      b.      Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

      c.      Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

      d.      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

75.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

76.    Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**<u>THIRD CLAIM FOR RELIEF</u>**
**Failure to Provide Notice in Violation of FCRA**
**15 U.S.C. § 1681b(b)(3)(A)**

77.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-53.

78.    Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

79.    Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been used to take adverse employment action against them, before taking such adverse action. *See* 15 U.S.C.

§1681b(b)(3)(A).

80.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. §1681b(b)(3)(A). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Defendant obtained or otherwise had available substantial written materials that apprised Defendant of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

81.     Moreover, at the time Defendant failed to follow 15 U.S.C. §1681b(b)(3)(A) a plethora of FTC opinion and case law existed, including case law from this District in a case recently presided over also by Judge Byron in a case styled *Miller v. Johnson & Johnson,* 80 F. Supp. 3d 1284, (M.D. Fla. 2015) (granting summary judgment as to liability to plaintiff on 15 U.S.C. §1681b(b)(3)(A) claim). *Miller* addressed pre- adverse notices in compliance with the FCRA, which, apparently, Defendant intentionally or recklessly ignored.

### *Plaintiff's First Concrete Injury: Informational Injury*

82.     First, as to the §1681b(b)(3)(A) claim, in accordance with the Eleventh Circuit's recent decision in *Church v. Accretive Health, Inc.,* 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016), Plaintiff suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled to by statute, namely a pre-adverse action notice, before his termination.   This notice should have included all information proscribed by §1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under

§1681g(c)(3) of the FCRA.

83.    Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice. The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### *Plaintiff's Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story*

84.    Separately from the informational injury suffered, Plaintiff and Class Members have Article III standing to pursue claims for violations of §1681b(b)(3) because Defendant's failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to learn of the charges against them and tell Defendant their side of the story before Defendant terminated their employment. *Thomas v. FTS USA, LLC,* 193 F. Supp. 3d 623, 638 (E.D. Va. 2016).

85.    With these two recognized injuries directly traceable to Defendant's failure to timely provide the notices required by §1681b(b)(3), Plaintiff unquestionably has established Article III standing.

86.    Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. §1681n(a)(2).

87.    Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

88.     **WHEREFORE**,  Plaintiff, on behalf of himself and the Putative Class, prays for

relief as follows:

  a.  Determining that this action may proceed as a class action;

  b.  Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

  c.  Issuing proper notice to the Putative Classes at Defendants' expense;

  d.  Declaring that Defendants committed multiple, separate violations of the FCRA;

  e.  Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

  f.  Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

  g.  Awarding reasonable attorneys' fees and costs as provided by the FCRA;

  h.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

      Respectfully submitted,

      **MORGAN & MORGAN, P.A.**

      **/s/ Marc R. Edelman**
      Marc R. Edelman, Esq.
      Fla. Bar No. 0096342
      201 North Franklin Street, Suite 700
      Tampa, FL 33602
      Telephone: 813-223-5505
      Fax:  813-257-0572
      MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax:  407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone:  (954) WORKERS
Facsimile:  (954) 327-3013
AFrisch@forthepeople.com
*Attorneys for Plaintiff*