UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM FOSBRINK, on behalf of
himself and on behalf of all others similarly
situated,

    Plaintiff,

v.                                                   Case No: 8:17-cv-1154-T-30TBM

AREA WIDE PROTECTIVE, INC.,

    Defendant.

## ORDER

Plaintiff is suing his former employer for alleged violations of the Fair Credit Reporting Act ("FCRA") related to employment background checks. The claims are brought on behalf of Plaintiff and classes of similarly situated persons. Defendant asks the Court to dismiss the Amended Complaint and strike the class allegations. But because the Amended Complaint states a claim and a determination of whether to certify the proposed class is premature, the Court concludes the Motion should be denied.

## BACKGROUND

Plaintiff applied to work as a traffic control specialist for Defendant in February 2016. (Doc. 17, ¶ 34). As a condition of his employment, Defendant made Plaintiff sign a form authorizing Defendant to receive periodic background checks on him. (Doc. 17, ¶ 55). While employed, Plaintiff alleges Defendant did obtain a background check on him. (Doc. 17, ¶ 36). Defendant allegedly terminated Plaintiff in March 2017 because "something came up on his background check." (Doc. 17, ¶ 35).

Based on the above, Plaintiff alleges Defendant's actions violated the FCRA in the following three ways: (1) the form Defendant required Plaintiff to sign authorizing the background checks violated 15 U.S.C. § 1681b(b)(2)(A)(i) because the form was not a stand-alone FCRA disclosure (Count I); (2) Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by conducting a background check on Plaintiff without receiving proper authorization (Count II); and (3) Plaintiff violated 15 U.S.C. § 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the background check before Defendant relied on it to take an adverse employment action against Plaintiff (Count III).

Plaintiff brings these claims on behalf of himself and two classes of similarly situated persons. Specifically, as to Counts I and II, Plaintiff brings the claims on behalf of the following:

> All Area Wide Protective, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Area Wide within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).

(Doc. 17, ¶ 10). As to Count III, he brings the claim on behalf of the following:

> All Area Wide Protective, Inc. employees and prospective employees in the United States against whom adverse employment action was taken by Area Wide, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).

(Doc. 17, ¶ 11).

Now Defendant moves to dismiss the Amended Complaint (Doc. 17) or strike the class action allegations.

# DISCUSSION

As a preliminary matter, Defendant's "Motion to Dismiss Amended Complaint and Renewed Motion to Strike Class Allegations" (Doc. 20) is not a motion to dismiss. Defendant never argues that the Amended Complaint (Doc. 17) fails to state a claim under Federal Rule Civil Procedure 12(b)(6). Having reviewed the Amended Complaint, the Court concludes it sufficiently states a claim for violations of the FCRA and denies the Motion to the extent Defendant alleges it fails to state a claim.

The gist of Defendant's Motion is that the Court should strike the class allegations because Plaintiff cannot satisfy rule 23. Defendant argues the proposed classes (1) are inadequately defined, (2) are incapable of being certified because the class depends on the individual's state of mind, (3) are incapable of being certified because liability must be determined before the class members can be identified, and (4) do not have common issues that predominate over questions affecting individual members. (Doc. 20).

Rule 23(c) directs a district court "[a]t an early practicable time after a person sues or is sued as a class representative, ... [to] determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Although a Court can determine whether to certify a class based solely on a complaint, *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1309 (11th Cir. 2008), the issue is generally raised once a plaintiff moves for class certification. As the Eleventh Circuit explained below, that is because the determination of whether to certify the class usually requires some discovery:

> [T]he Supreme Court has emphasized that class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend,* ––– U.S. ––––, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (internal quotation marks omitted). In fact, "the determination usually should

be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential...." *Huff v. N.D. Cass Co. of Ala.,* 485 F.2d 710, 713 (5th Cir.1973) (*en banc*) (internal citation and footnote omitted). After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2552, 180 L.Ed.2d 374 (2011) (internal quotation marks omitted).

*Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 Fed. App'x 930, 934 (11th Cir. 2016).

Here, Defendant's request to deny certification of the proposed classes is premature. The allegations in the Amended Complaint are not so facially defective to allow this Court to deny certification without Plaintiff being allowed to take discovery to try to satisfy the requirements of rule 23. So the Court concludes the Motion should be denied, although Defendant is free to raise the arguments again once Plaintiff moves for class certification.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Amended Complaint and Renewed Motion to Strike Class Allegations (Doc. 20) is DENIED.

2. Defendant shall respond to the Amended Complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4