**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:17-CV-01154-JSM-CPT**

WILLIAM FOSBRINK, on behalf of himself
and on behalf of all others similarly situated,

      Plaintiffs,

vs.

AREA WIDE PROTECTIVE, INC.,

      Defendant.

_____/

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**SETTLEMENT AND NOTICE TO SETTLEMENT CLASS**

Plaintiff WILLIAM FOSBRINK ("Plaintiff"), on his own behalf and all similarly situated individuals, and Defendant AREA WIDE PROTECTIVE ("Defendant") and, pursuant to Federal Rule of Civil Procedure 23, file their Joint Motion for Preliminary Approval of Settlement and Notices to Settlement Class, respectfully states as follows:

**I.**     **NATURE AND STAGE OF PROCEEDING**

    **A.**     **The Litigation**

In his Class Complaint (the "Complaint"), Plaintiff alleges that Defendant willfully violated the disclosure and authorization provisions of the Fair Credit Reporting Act ("FCRA") in 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by obtaining consumer/background reports on Plaintiff and employees/prospective employees during the period beginning May 16, 2015 and continuing until the date of settlement approval, without first disclosing to them in a separate disclosure solely containing the statutory language, and included additional language not permitted under

the FCRA.

Plaintiff and Defendant (collectively the "Parties") have been aggressively litigating this action since May 16, 2017. Specifically, Defendant filed two motions to dismiss. Plaintiff served discovery on Defendant and third parties. Plaintiff moved for and obtained Rule 23 certification for the putative background check class. Therafter, the Parties attended a mediation but were unable to reach a settlement agreement. Defendant petioned the Eleventh Circuit to review the district court's certification order. Plaintiff opposed Defedant's petition. The Eleventh Circuit granted Defendant's petition for review. Subsequently, during the appeals period, the Parties reached a settlement in principal on the terms and conditions contained heretin.

**B.     Mediation And Settlement Agreement**

The parties engaged in extensive settlement negotiations held at mediation on May 29, 2018. The parties' continued efforts culminated in settlement of the class as defined by the Court, consisting of approximately 22,000 members. The parties thereafter executed a Joint Stipulation of Class Settlement Agreement attached to this motion as Exhibit 1 (the "Agreement"). The Agreement, subject to Court approval, provides for settlement under the following key terms:

- A class of all employees and job applicants of Defendant in the United States who were the subject of a consumer report that was procured by Defendant for employment purposes from May 16, 2015 until the date of settlement approval ("Settlement Class") - a class of approximately 22,000 people;

- Defendants agree to establish a gross settlement fund in the amount of $850,000. Any funds from the Net Settlement Fund that were not claimed timely by any Class Member shall automatically revert back to Defendant.

- Every Settlement Class member that submits a claim will receive a *pro rata*

portion of the net settlement fund based on the total number of class members. If *every* Settlement Class member submitted a claim, each would receive approximately $39.00, before attorney's fees and costs, class settlement administration costs, and payment of a service award to the Class Representative are paid;

- Payment from the settlement fund of an attorney's' fees and costs award, if approved by the Court, not to exceed thirty (30%) percent of the gross settlement fund;

- Payment from the settlement fund of a service award to the named plaintiff approved by the Court, up to a maximum of $2,500; and

- Notice and Administration by a Settlement Administrator deducted from the settlement fund not to exceed $52,000.

## II.    STATEMENT OF ISSUES

The issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of Class.

## III.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.    The Law Governing Preliminary Approval

The Eleventh Circuit has recognized that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re United States Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *see also Gevaerts v. TD Bank, N.A.*, 2015 WL 6751061, at *4 (S.D. Fla. Nov. 5, 2015) ("Federal courts have long recognized a strong policy and presumption in favor of class action settlements."). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice...." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 538 (S.D.

Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (citations omitted).  As a general matter, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  4 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS §11.50, at 155 (4th ed. 2002).

"'At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness.' 4 Newberg on Class Actions § 11.26 (4th ed. 2010).  'Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason.' *Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010)." *Almanzar v. Select Portfolio Servicing, Inc.*, 2015 WL 10857401, at *1 (S.D. Fla. Oct. 15, 2015).  This Court has set forth the following process for preliminary approval of a class action settlement:

> Rule 23(e), Federal Rules of Civil Procedure, permits approval of a class action settlement if the settlement is "fair, reasonable, and adequate." *See Strube v. Am. Equity Inv. Life Ins. Co.,* 226 F.R.D. 688, 697 (M.D.Fla.2005) (Fawsett, J.). Approval is generally a two-step process in which a "preliminary determination on the fairness, reasonableness, and adequacy of the proposed settlement terms" is reached. *See* DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.2008). The factors considered are (1) the influence of fraud or collusion on the parties' reaching a settlement, (2) "the likelihood of success at trial," (3) "the range of possible recovery," (4) "the complexity, expense[,] and duration of litigation," (5) "the substance and amount of opposition to the settlement," and (6) "the stage of proceedings at which the settlement was achieved." *Bennet v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984).

*Holman v. Student Loan Xpress, Inc.*, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009) (Merryday, J.).

The fact that the parties agreed to a "claims-made" settlement and full reversion to

defendant does not render its terms unreasonable. *See, e.g., Saccoccio*, 297 F.R.D. at 696 (overruling objections to claims-made process because "[t]here is nothing inherently suspect about requiring class members to submit claim forms in order to receive payment.") (citing to *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 593 (N.D. Ill. 2011)); *Casey v. Citibank*, No. 12-cv-820 (N.D.N.Y.) (D.E. 222 at ¶ 6) (approving virtually identical claims- made settlement and finding that regardless of the take rate, "[t]he settlement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the parties with repose from litigation."); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (discussing claims-made settlement and affirming contingency fee award based on total possible recovery); *Shames v. Hertz Corp.*, 07-cv-2174, 2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) (approving claims-made settlement over objections because "there is nothing inherently objectionable with a claims-submission process, as class action settlements often include this process, and courts routinely approve claims-made settlements") (citations omitted); *Lemus v. H & R Block Enters. LLC,* No. 09-cv-3179, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012) (approving claims-made settlement where unclaimed funds reverted to the defendants); *Atkinson v. Wal-Mart Stores, Inc.*, No. 08-cv-691-T-30TBM, 2011 WL 6846747, at *5 (M.D. Fla. Dec. 29, 2011) (approving claims-made settlement with full reversion).

### 1.   *The Settlement Agreement Is Not the Product of Fraud or Collusion.*

In assessing this factor, courts must presume that no fraud or collusion occurred unless there is evidence to the contrary.  *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 287 (W.D. Tex. 2007).   There is no evidence of fraud or collusion here.   The proposed settlement in the Agreement resulted from arm's length negotiations between Plaintiff and Defendants conducted

by capable, experienced attorneys and with the assistance of a seasoned and respected mediator, Mr. Rodney Max. "Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014). Courts have consistently held that the presence of an independent mediator negates any suggestion of fraud or collusion. *See, e.g., Montoya v. PNC Bank, N.A.*, 2016 WL 1529902, at *8 (S.D. Fla. Apr. 13, 2016) (use of mediator indicates there is "no suggestion of fraud or collusion"); *Hall v. Bank of Am., N.A.,* 2014 WL 7184039, at *6 (S.D. Fla. Dec. 17, 2014). There was no fraud or collusion in reaching the Settlement. During this process, the parties thoroughly evaluated their claims and defenses in order to negotiate what they believe is the most optimal settlement on behalf of the settlement class.

The absence of fraud and collusion is evidenced by a settlement reached after several months of litigating and a mediation session. Additionally, there is no evidence that Plaintiff sacrificed the interests of the Settlement Class for his own financial gain. Under the Agreement, Plaintiff will receive the same settlement payment as the other members of the Settlement Class. And, he only requests a modest service award of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500).

The proposed settlement reached by Plaintiff and Defendant resulted from concessions and compromise by the parties. The Agreement is a product of the functioning of the adversarial and negotiations processes, not fraud or collusion. Accordingly, the first factor supports approval of the settlement.

## 2. *Litigating this Case Through Trial Would Be Complex, Expensive, and Time-Consuming.*

Although the total expenses that the parties will incur if this litigation progresses and the duration of the litigation, including the appellate process, cannot be predicted with certainty, Plaintiff and Defendant will vigorously advocate for their respective positions on various legal and factual issues, that will likely entail significant motion practice and likely trial. Defendant denies liability for any willful violations of the FCRA and asserted numerous affirmative defenses to Plaintiff's individual and alleged class claims.

Furthermore, the parties will incur significant expenses for decertification and likely appeal of the certification of the class; two issues where Plaintiff's and Defendant's positions differ. Trial and a potential of post-trial appeals further increases the costs and delay of litigation.

There is no reason to believe that issues raised before, during, or after a trial would be any less vigorously litigated by the parties or less expensive and time-consuming to resolve. Absent settlement, the resolution of factual issues relevant to each class member's claims would result in protracted litigation. The proposed settlement will save considerable time and resources that would otherwise be spent litigating disputes resolved by the proposed settlement. Thus, this factor weighs in favor of approving the settlement proposed in the Agreement. *See Bennett,* 737 F.2d at 986 ("In addition, our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *Ayers v. Thompson*, 358 F.3d 356, 2369 (5th Cir. 2004) (holding that settlement would avoid risks and burdens of potentially protracted litigation weighed in favor of approving settlement).

### 3. Settlement Class Counsel Has Documents and Other Information to Realistically Value the Claims.

The parties possess "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. Specifically, Plaintiff has obtained sufficient discovery from Defendant and third parties to allow a well-informed and comprehensive settlement of the Class. Plaintiff and Defendant have reviewed Defendant's records and third party discovery responses for the relevant time period and determined that the Class consists of approximately 22,000 individuals, including Plaintiff. Defendant also identified and produced copies of the documents, policies, and procedures that pertain to the allegations in the Complaint.

In addition to the discovery described above, the parties have extensively analyzed legal authorities regarding FCRA claims on a nationwide basis. Counsel for the parties have discussed their claims and defenses with each other.

As such, the parties believe that they have sufficient information to reach a fair, reasonable, and adequate settlement. The Agreement was negotiated based on the parties' realistic, independent assessments of the merits of the claims and defenses in this case and should be approved.

### 4. Ultimate Success on the Merits of the Claims Is Uncertain Given the Risks of Litigation.

When evaluating a proposed class action settlement, the court must balance the benefits of a certain and immediate recovery through settlement against the inherent risks of litigation. *See Bennett,* 737 F.2d at 986*; Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Here, recovery under the Agreement is favorable for the 22,000 Class members given the

general uncertainty surrounding all litigation and the risks specific to this case.

If this litigation proceeds, Defendant intends to continue to vigorously defend the claims, and Plaintiff and the Settlement Class will face legal challenges by Defendant, including challenges to merits of their claims, decertification, and an appeal on class certification. Any one of these challenges could significantly prolong the litigation at considerable expense to the parties and potentially result in no recovery for the class members. Each of these phases of litigation presents uncertainty and risks, which the settlement allows the parties to avoid.

Without this settlement, in order for members of the settlement classes to recover any statutory damages under the FCRA, they must not only prove that Defendant failed to comply with the disclosure and authorization provisions, but also that Defendant did so willfully. *See* 15 U.S.C. § 1681n(a). Although Plaintiff contends that the violations were willful, Defendant will contest the question of willfulness if the lawsuit is further litigated. *See, e.g., Schoebel v. Am. Integrity Ins. Co.*, 2015 WL 3407895, at *7 (M.D. Fla. May 27, 2015) (dismissing FCRA stand-alone disclosure case seeking statutory damages because alleged violation was not willful); *See also, Lewis v. Southwest Airlines Co.*, 2018 U.S. Dist. LEXIS 5576 (N.D. Tex. Jan. 11, 2018)(summary judgment for defendant on issue of wilfullness). And, absent the settlement, continued certification under the current class definition is not certain. Although Defendant denies liability and has asserted affirmative defenses to the claims, Defendant nevertheless recognizes, as Plaintiff does, the risks inherent in proceeding to trial.

A negotiated settlement that provides immediate relief is preferable to protracted litigation and an uncertain result in the future. Weighed against the risks associated with litigation, the proposed settlement is fair, reasonable, and adequate.

## 5. The Settlement Agreement Is Fair in Light of the Possible Range of Recovery and Certainty of Damages.

The Agreement should be approved because the proposed settlement compares favorably to the limited range of damages available under the FCRA that could potentially be recovered at trial.  In his Complaint, Plaintiff seeks to recover compensation under 15 U.S.C. § 1681n(a)(1)(A), (2), and (3) for himself and the other class members consisting of (a) statutory damages of not less than $100 and not more than $1,000; (b) punitive damages, (c) attorney's fees and costs.[1]  However, as Section 1681n(a) of the FCRA indicates, proof of noncompliance with the technical requirements of the FCRA alone does not impose liability on a defendant. Recovery of damages under Section 1681n(a) is contingent on establishing that the defendant willfully failed to comply with the FCRA; negligent noncompliance is not sufficient.  *Safeco v. Burr*, 127 S. Ct. 2201, 2215 (2007); 15 U.S.C. § 1681n(a).  And, even if liability for willful noncompliance is established as Plaintiff believes, the determination as to the size of the award is left to the discretion of the jury, which may return an award of no damages as a possible outcome.

The settlement proposed in the Agreement secures a monetary payment to each member of the Class in the approximate gross amount of $39.00 (before attorney's fees and costs, class settlement administration costs, and an incentive award for Plaintiff).  Even if the settlement class established liability against Defendant for willful violations of the pertinent provisions of the FCRA, a real risk exists that the class members could recover less after successfully

---

[1] Section 1681(n)(a) of the FCRA states that a person who willfully fails to comply with any requirement under 15 U.S.C. § 1681 *et seq*. regarding a consumer is liable to the consumer in an amount equal to the sum (a) "any actual damages sustained by the consumer as a result of the failure <u>or</u> damages of not less than $100 and not more than $1,000;" (b) punitive damages in such amount as the court may allow; and (c) the costs of an action, if successful, to enforce liability under this Section plus reasonable attorneys' fees as determined by the court.  15 U.S.C. § 1681n(a)(1)(A), (2)-(3) (emphasis added).

litigating their claims through trial than the payment negotiated by the parties in the Agreement.

Settlement Class Counsel believes that the proposed minimum gross payment of approximately $39.00 to each member of the Class is a very good settlement, providing more relief to class members than other recently approved settlements. The district court in *Hillson v. Kelly Services Inc.*, summarized the results of such settlements as follows:

> The results counsel achieved for the class were good. The gross recovery (i.e., recovery before fees and other expenses are taken from the fund) is $30 per class member (on average). This appears to be in line with the average per-class-member gross recovery in other settlements of stand-alone disclosure claims. *See Moore v. Aerotek, Inc.*, No. 2:15-CV-2701, 2017 WL 2838148, at *4 (S.D. Ohio June 30, 2017) (per-capita gross recovery of $25 in case involving a stand-alone disclosure claim and a claim that employer did not provide a copy of consumer report), *report and recommendation adopted*, 2017 WL 3142403 (S.D. Ohio July 25, 2017); *Lagos v. Leland Stanford Junior Univ.*, No. 15-CV-04524-KAW, 2017 WL 1113302, at *2 n.1 (N.D. Cal. Mar. 24, 2017) (per-capita gross recovery of $26); *Lengel v. HomeAdvisor, Inc.*, No. CV 15-2198, 2017 WL 364582, at *9 (D. Kan. Jan. 25, 2017) (citing FCRA disclosure cases with per-capita gross recoveries of $33, $40, and $44).

2017 WL 3446596, at *3 (E.D. Mich. Aug. 11, 2017); *See, e.g.*, *Marcum v. Dolgencorp, Inc.*; No. 3:12-cv-00108 (E.D. Va. 2014) ($53 gross payment per class member reduced by attorneys' fees and service awards paid from class settlement fund); *Knights v. Publix Super Markets*, *Inc.*; No. 3:14-cv-006720 (M.D. Tenn. 2014) ($48.55 paid to each class member); *Pitt v. Kmart Corp.*, No. 3:11-cv-00697 (E.D. Va. 2013) ($18 or $38 received by class members depending on date of FCRA violation).

The settlement proposed in the Agreement falls within the reasonable range of possible recovery for members of the settlement classes. "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and

adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010).    Balancing the risk that liability cannot be established against Defendants for willful violations of the disclosure and authorization provisions of the FCRA against the range of possible recovery of damages supports settlement.

### 6.    *Settlement Class Counsel and the Parties Support the Settlement.*

As evidenced by the Agreement itself and this Motion in which the parties jointly request approval of the settlement, the terms of the settlement as proposed have the obvious support of Plaintiff, Settlement Class Counsel, and Defendant. Plaintiff and Defendant believe, based on their independent assessments, that settlement is in their respective best interest. Plaintiff and Settlement Class Counsel have likewise concluded that the proposed settlement is in the best interest of the Class.

Furthermore, the parties anticipate that the settlement will receive broad support from putative class members, especially considering that each individual member will receive a settlement check that is reasonable and consistent in the context of class action litigation.  Even if applicants in the settlement class were able to overcome the difficulties of financing and finding legal counsel to pursue their relatively small individual claims, few members of the settlement classes are likely to be inclined toward pursuing their individual claims.

Therefore, it is unlikely that settlement class members will oppose releasing their pertinent FCRA claims that in reasonable probability they never intended to bring, or were unaware to have possessed.  Even if any putative class member does not agree with the terms of the proposed settlement, he or she is protected by the right to opt out of the proposed class settlement and retain his or her individual FCRA claims against Defendant rather than

participating in the settlement.

The parties believe that the Agreement represents a fair, reasonable, and adequate settlement. Consequently, the support of Plaintiff, Settlement Class Counsel, the putative class members of each settlement class, and Defendants weighs in favor of approving the settlement.

**B.     The Proposed Settlement Class Has Been Certified.**

On May 8, 2018, the Court entered an order certifying the proposed Settlement Class.

**C.     Plaintiff's Counsel Has Been Appointed As Class Counsel And Plaintiff Has Been Appointed As Class Representative.**

On May 8, 2018, the Court entered an order certifying the proposed Settlement Class and approving Plaintiff's counsel as Class Counsel and Plaintiff as Class Representative.

**D.     The Notice Of Class Action Settlement Should Be Approved Because The Form And Manner Of The Notice Satisfies The Requirements of Rule 23 And Due Process.**

The Notice of Class Action Settlement to be mailed to the Settlement Class is appended to the Agreement as Exhibit A. *See* Ex. 1, Agreement, Ex. A. The content of the proposed class notice and the method for notifying members of each settlement class satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comport with due process.

Under Rule 23(e)(1), when approving a class action settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In addition, for classes certified under Rule 23(b)(3), courts "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) also sets out the required contents of the class notice. *Id.* The procedures described in the Agreement for informing class members of the settlement and the

Notice of Proposed Class Action Settlement comply with these Rules.

The proposed notice plan is reasonable and provides the best notice practicable to the respective settlement classes. Under the Agreement, the Notice of Proposed Class Action Settlement will be sent to each class member via first class mail to the last known addresses of class members based on information contained in Defendant's records or obtained by the third-party Settlement Administrator. *See* Ex. 1, Agreement. Notice by mail is recognized as sufficient to provide due process to known affected persons as long as the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeHoyos*, 240 F.R.D. at 296 (sending notice by mail is preferred when all or most class members can be identified). The Agreement also includes provisions to ensure that a reasonable effort is made to locate members whose notices are returned undelivered and to re-send the Notice of Proposed Class Action Settlement to these persons to the extent possible. *See* Ex. 1, Agreement.

The content of the Notice of Proposed Class Action Settlement satisfies Rule 23(c)(2)(B) and due process requirements. "A settlement notice need only satisfy the broad reasonableness standards imposed by due process." *In re Katrina Canal Breaches Litigation,* 628 F.3d 185, 197 (5th Cir. 2010). Due process is satisfied if the notice provides class members with "information reasonably necessary for them to make a decision whether to object to the settlement." *Id.*

The Notice of Proposed Class Action Settlement is written in language that is easy to understand. The Notices inform members of the Class of the nature of the case, the definition of the settlement class, and the claims and defenses. The Notices of Proposed Class Action

Settlement also contain information regarding the right to retain their own attorney, their right to request exclusion from the class, the time and manner for requesting exclusion, and the binding effect of the class judgment.  *See* Ex. 1, Agreement, Exs. A and C ; *see also* Fed. R. Civ. P. 23(c)(2)(B).  Because the Notice of Proposed Class Action Settlement communicates the essential terms of the proposed settlement in a manner that complies with Rule 23(c)(2)(B) and due process, the Court should approve its distribution to the respective settlement classes.

Additionally, the Agreement provides for the creation of an internet site which will make available a more detailed Notice of Class Action Settlement and all of the relevant pleadings and settlement documents, and will be administered by a third-party Settlement Administrator, JND Legal Administration, selected by the parties and paid from the Settlement Fund.  *See* Ex. 1, Agreement; *see* also Agreement,  Ex. C, Website Notice.

## IV.  THE COURT SHOULD APPROVE A SCHEDULE AND PROCEDURES FOR A FAIRNESS HEARING, FILING CLAIMS, OPTING OUT, OBJECTING, AND FILING A MOTION FOR ATTORNEY'S FEES AND COSTS AND INCENTIVE AWARDS.

Plaintiff requests that, in conjunction with preliminarily approving the Settlement, the Court schedule a fairness hearing to determine whether to finally approve the Settlement. Plaintiff also requests that the Court approve the deadlines and procedures the Settlement Agreement provides for filing claims, opting out, objecting, and filing a motion for attorney's fees and costs, class settlement administration costs, and an incentive award for Plaintiff. Under the Settlement Agreement, the schedule would be as follows:

| | |
|---|---|
| Settlement Administrator mails Notice and sets up Settlement Website ("Notice Date") | Within 14 days of Preliminary Approval Order |

| Deadline for Motion for Attorney's Fees and Costs, Class Settlement Administration Costs, and Incentive Award for Plaintiff | 14 days before the hearing on the Motion for Final Approval |
|---|---|
| Deadline for Objections | 30 days after Notice is mailed by Administrator |
| Deadline for Opt Outs (Exclusion Requests) | 30 days after Notice is mailed by Administrator |
| Deadline for Motion for Final Approval | 14 days before Fairness Hearing |
| Fairness Hearing | TBD by Court |
| Deadline for Filing Claim | 60 Days after Notice is mailed by Administrator |

The procedures for opting out, objecting and submitting claim forms are set forth in detail in Sections 50, 51, and 52 of the Settlement Agreement, and the procedures for filing a motion for attorney's fees and costs, class settlement administration costs, and an incentive award are set forth in Sections 44 and 45. Plaintiff respectfully requests that opt out and objection procedures be included in the Preliminary Approval Order. *See Johnson*, 2017 WL 6060778, at **2-3; *See also Almanzar*, 2015 WL 10857401, at **4-5. The Settlement Agreement provides for the Claim Form to be posted on and submitted via the Settlement Website, an appropriate provision given that the Settlement Class Members (job applicants) received their disclosure forms and submitted their applications online. The Claim Form, which is attached as Exhibit B to the Settlement Agreement, requires only limited information (name, address, phone number, Claim Number) and a statement that the person submitting the form was in fact a job applicant included in the class definition.

## V.  CONCLUSION

The Court should approve the Agreement on a preliminary basis because the proposed settlement is fair, reasonable, and adequate. The proposed settlement class has been certified.

16

Plaintiff's counsel has been appointed as class counsel and Plaintiff has been appointed as Class Representative. Class counsel's attorneys' fees and costs are appropriate under Rule 23 for settlement purposes. The Notice of Proposed Class Action Settlement should be approved for distribution to the Settlement Class because it meets the requirements of Rule 23 and due process.

**WHEREFORE**, Plaintiff William Fosbrink, for himself and on behalf of all others similarly situated, and Defendant Area Wide Protective request that the Court grant their Motion and enter an Order of preliminary approval.

Dated this 4th day of October, 2018.

| | |
|---|---|
| /s/ **Marc R. Edelman** | /s/ **Robin Taylor Symons** |
| Marc Reed Edelman, Esquire | Robin Taylor Symons, Esquire |
| Florida Bar No.: 0096342 | Florida Bar No.: 356832 |
| MORGAN & MORGAN, P.A. | GORDON & REES |
| 201 N. Franklin Street, #700 | SCULLY MANSUKHANI |
| Tampa, FL 33602-5157 | 100 SE Second Street, Suite 3900 |
| Telephone: 813-223-5505 | Miami, Florida 33131 |
| Facsimile: 813-257-0572 | Telephone: 305-428-5330 |
| medelman@forthepeople.com | Facsimile: 888-644-6209 |
| *Attorney for Plaintiff* | rsymons@grsm.com |
| | *Attorney for Defendant* |