# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:17-CV-01154-JSM-CPT**

WILLIAM FOSBRINK, on behalf of himself
and on behalf of all others similarly situated,

      Plaintiffs,

vs.

AREA WIDE PROTECTIVE, INC.,

      Defendant.

_____/

## <u>JOINT STIPULATION OF CLASS SETTLEMENT</u>

Plaintiff WILLIAM FOSBRINK ("Plaintiff"), individually and on behalf of the putative class, and Defendant AREA WIDE PROTECTIVE ("Defendant"), and all other past and present related entities, direct or indirect affiliates, parent companies and other subsidiaries (collectively, "Defendant"), individually and on behalf of other related parties, enter into this Settlement Agreement and Release to settle the issues between them asserted in this action.

## Table of Contents

I.     RECITALS. ..................................................................................................................1

II.    DEFINITIONS..........................................................................................................3

     11.     Action or Litigation...................................................................................3

     12.     Agreement..................................................................................................3

     13.     Claim Form. ..............................................................................................3

     14.     Class Counsel............................................................................................3

     15.     Class Counsel Attorney's Fees and Costs.................................................3

     16.     Class Settlement Administration and Costs...............................................3

     17.     Class Representative or Plaintiff...............................................................3

     18.     Class Representative Service Payment. .....................................................3

     19.     Court. ........................................................................................................4

     20.     Covered Period..........................................................................................4

     21.     FCRA State/Local Equivalents. ................................................................4

     22.     Final Approval Hearing. ...........................................................................4

     23.     Final Approval Order.................................................................................4

     24.     Net Settlement Fund. .................................................................................4

     25.     Notice........................................................................................................5

     26.     Parties........................................................................................................5

     27.     Preliminary Approval Order......................................................................5

     28.     Released Claims.........................................................................................5

     29.     Released Parties.........................................................................................6

     30.     Response Deadlines. ..................................................................................6

     31.     Defendant's Reversion …………………………………..............6

     32.     Settlement Administrator...........................................................................6

     33.     Total Class Settlement Administration Costs. ..........................................7

     34.     Settlement Class.........................................................................................7

35.    Settlement Class Member. ...................................................................7

36.    Settlement Effective Date or Effective Date. .....................................7

37.    Settlement Fund. ..................................................................................8

38.    Settlement Payment. ...........................................................................8

39.    Defendant's Reversion Total Amount ...............................................8

40.    Settlement Website. .............................................................................8

41.    Website Notice. ....................................................................................8

III.    RELIEF AND BENEFITS. .............................................................................9

42.    Monetary Benefits to Settlement Class Members. ...........................9

43.    Taxes. ...................................................................................................10

44.    Class Representative Service Payment. .............................................11

45.    Class Counsel Attorney's Fees and Costs. ........................................11

46.    Payments to the Settlement Administrator ....................................12

IV.    NOTICE, OPT-OUT, OBJECTIONS AND SETTLEMENT APPROVAL .............12

47.    Notice to Settlement Class Members. ...............................................12

48.    Notices Returned as Undeliverable. ..................................................13

49.    Toll-Free Telephone Line. ..................................................................13

50.    Claim Form Procedures. ....................................................................13

51.    Right to Opt Out. ................................................................................14

52.    Objections. ...........................................................................................15

53.    Preliminary Settlement Approval. .....................................................16

54.    Final Approval Hearing and Final Approval Order and Judgment.................16

V.    RELEASE OF CLAIMS. ...............................................................................16

55.    Release of Claims by the Class Members .........................................16

56.    Prior Releases and Waivers of Claims ..............................................16

VI.    OTHER PROVISIONS. ................................................................................17

57.    No Admission of Liability. .................................................................17

58.     If Settlement Not Approved...................................................................17

59.     Settlement Modification.......................................................................18

60.     Class Certification...............................................................................18

61.     Communications with Settlement Class Members. ............................18

62.     No Waiver of Privilege. ......................................................................19

63.     Agreement Not Evidence. ...................................................................19

64.     No Waiver of Rights. ..........................................................................19

65.     Authority.............................................................................................20

66.     Best Reasonable Efforts and Mutual Full Cooperation. ...................20

67.     Entire Agreement................................................................................20

68.     Modification........................................................................................20

69.     Binding................................................................................................21

70.     No Prior Assignments.........................................................................21

71.     Construction........................................................................................21

72.     Construction of Captions and Interpretations. ..................................21

73.     Notices. ...............................................................................................21

74.     Exhibits. ..............................................................................................22

## I.      RECITALS.

1.      On May 16, 2017, Plaintiff filed this action, *William Fosbrink v. Area Wide Protective, Inc.*, in the United States District Court for the Middle District of Florida, Tampa Division (the "Action").

2.      Plaintiff asserted a cause of action against Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA") relating to Defendant's alleged procurement of consumer reports regarding employees or prospective employees without complying with its obligations under the FCRA. Specifically, Plaintiff alleged a claim for relief for Defendant's alleged violation of 15 U.S.C. Section 1681b(b)(2)(A)(i) alleging that Defendant procured or caused to be procured a consumer report regarding Plaintiff and that Defendant violated Section 1681b(b)(2)(A)(ii) by procuring or causing to be procured consumer reports for employment purposes regarding Plaintiff and other class members without making the required disclosure "in a document that consists solely of the disclosure."

3.      On May 8, 2018, the Court entered an order certifying the following class:

All AWP, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by AWP, Inc. within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A) and as to whom AWP, Inc. used the purported disclosure and authorization form, or substantially similar forms, attached hereto as Exhibit A.

4.      The Parties have reached a compromise in principle on a class basis, contingent upon the negotiation and execution by the parties of this final agreement being approved by the Court.

5.      Defendant denies it has engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action, denies that the

1

claim asserted by Plaintiff is suitable for class treatment other than for settlement purposes, and denies that it has any liability whatsoever, but has agreed to this Settlement Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations.

6.    Plaintiff, the Settlement Class, and Class Counsel are aware that Defendant has significant defenses to the allegations in this Action upon which Defendant might prevail and that, as a result, Plaintiff and the Settlement Class may not receive any benefit or consideration for the claim that has been asserted against Defendant.

7.    Based upon their analysis and evaluation of several factors, Class Counsel recognize the substantial risks of continued litigation and delays, including the likelihood that the claims, if not settled now, might not result in any recovery whatsoever for the Settlement Class.

8.    Class Counsel have conducted a thorough study and investigation of the law and facts relating to the claim that has been asserted as well as a thorough study and investigation of the scope and identity of the Settlement Class, and have concluded, considering the benefits of this settlement, as defined below, and the risks and delays of further litigation, that this settlement is fair and reasonable and in the best interests of the Settlement Class.

9.    Subject to the approval of the Court, the Parties wish to settle this Action, effect a compromise, and settle the claims asserted in the Action against Released Parties.

10.    The Parties therefore agree that the claims referenced herein shall be settled, compromised, and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

2

## II.    DEFINITIONS

### 11.    Action or Litigation.

The above-entitled action, Case No. 17-CV-01154-JSM-TBM.

### 12.    Agreement.

This Stipulation of Class Action Settlement.

### 13.    Claim Form.

The document substantially in the form attached as Exhibit B that will be mailed to Class Members' last known addresses and must be signed and returned, or properly submitted online, by the Response Date for the Class Member to receive his or her share of the Net Settlement Fund.

### 14.    Class Counsel.

Marc Edelman of Morgan & Morgan, P.A.

### 15.    Class Counsel Attorney's Fees and Costs.

Class Counsel Attorney's Fees and Costs shall be in an aggregate sum not to exceed 30% of the Settlement Fund, which sum will be paid from the Settlement Fund and which Defendant has agreed not to oppose, subject to Court approval.

### 16.    Class Settlement Administration Costs.

The aggregate sum of the Settlement Notice and Settlement Administration Costs, which sum will be paid from the Settlement Fund, subject to Court approval.

### 17.    Class Representative or Plaintiff.

Plaintiff William Fosbrink.

### 18.    Class Representative Service Payment.

A sum not to exceed $2,500 payable to Plaintiff as consideration for his service as the

named class representative, which sum shall be paid from the Settlement Fund, subject to Court approval.

**19.    Court.**

The United States District Court for the Middle District of Florida, Tampa Division.

**20.    Covered Period.**

The period from May 16, 2015 through the date of approval of Stipulation of Settlement.

**21.    FCRA State/Local Equivalents.**

Any statute or regulation of any state, U.S. territory, locality/municipality, the District of Columbia, or Puerto Rico, that has a similar purpose or effect as the federal Fair Credit Reporting Act, including regulating the collection or reporting of background checks/consumer information and related actions.

**22.    Final Approval Hearing.**

The Court's hearing following the Settlement Administrator's work to locate and send Notices to all Settlement Class Members, determine the amount payable to each Settlement Class Member, and perform other settlement-related administrative tasks, to approve final administration and payment of the settlement.

**23.    Final Approval Order.**

The Court's Order granting final approval of this settlement.

**24.    Net Settlement Fund.**

The amount of money remaining after the Settlement Fund is reduced by the following amounts:

        a.    Class Representative Service Payment approved by the Court;

        b.    Class Counsel Attorney's Fees and Costs approved by the Court; and

4

      c.       Class Settlement Administration Costs approved by the Court, including an amount reserved to complete the Settlement Notice and an amount reserved to complete the Settlement Administration after the initial Settlement Payment checks are distributed.

**25.    Notice.**

The notice attached hereto as Exhibit A, subject to Court approval, and which the Settlement Administrator will mail, via first-class U.S. mail, to each Settlement Class Member to explain the terms of the settlement, including the procedure for objecting to or opting out of the settlement.

**26.    Parties.**

Plaintiff and Defendant.

**27.    Preliminary Approval Order.**

The Court's Order granting preliminary approval of this Settlement.

**28.    Released Claims.**

All claims alleged in the Action (including Plaintiff's Complaint) and any known or unknown claims that were or could have been alleged based on the specific facts and/or legal theories alleged in the Plaintiff's Complaint and/or related to the current Action, including ones under the Fair Credit Reporting Act (including but not limited to 15 U.S.C.§§ 1681b(b)(2)(A) and 15 U.S.C.§§ 1681b(b)(3)(A)) and any FCRA State/Local Equivalents, including but not limited to background check or consumer report disclosure notices and forms, the procurement and use of any background check or consumer reports (including but not limited to any claims under California Business & Professions Code section 17200), whether such factual basis is known or unknown at the time the release is approved by the Court. The period of the Released Claims extends to the limits of the Covered Period.

5

29.  **Released Parties.**

Defendant and its past and present related entities, direct or indirect affiliates, parent companies and other subsidiaries and assigns, and any and all of their past, present and future directors, officers, trustees, employees, attorneys, insurers (including but not limited to Chubb), agents, servants and representatives, whether in their individual or official capacities.

30.  **Response Deadlines.**

Members of the Settlement Class shall have thirty (30) days after the date the Settlement Administrator mails the Notice to Settlement Class Members, by which Response Deadline the members of the Settlement Class must postmark written notice of their intent to opt-out of the settlement and/or a written notice of objection to the preliminarily approved settlement, as applicable.  Members of the Settlement Class shall have sixty (60) days to postmark a written claim, or file a claim electronically on the settlement website.

31.  **Defendant's Reversion.**  Any funds from the Net Settlement Fund that were not claimed timely by any Class Member shall automatically revert back to Defendant.  Since this is a Claims-Made Class Settlement, only timely claims by Class Members will be paid from the Net Settlement Fund and any unclaimed funds will revert back to Defendant.

32.  **Settlement Administrator.**

The settlement administrator will be JND Legal Administration ("Settlement Administrator").  The Settlement Administrator will contract with Class Counsel only; Defendant and Defendant's Counsel are not parties to any contracts or agreements with the Settlement Administrator.  Accordingly, Class Counsel, not Defendant or Defendant's Counsel, will be responsible for the performance of Settlement Administrator, including its compliance with the terms of this Agreement and other applicable requirements.

33.    **Total Class Settlement Administration Costs.**

The aggregate costs incurred by the Settlement Administrator in administering the settlement are not to exceed $52,000. The aggregate costs include an amount reserved to complete the Settlement Notice and an amount reserved to complete the Settlement Administration after the initial Settlement Payment checks are distributed.

34.    **Settlement Class.**

All individuals as to whom, during the Covered Period, a consumer report for employment purposes was procured by Defendant. Defendant represents that there are approximately 22,000 members of the Settlement Class.

35.    **Settlement Class Member.**

Any individual who is a member of the Settlement Class who is not validly excluded from the Settlement Class and who timely submits a proper Claim Form in compliance with all terms and conditions of this Settlement Agreement.

36.    **Settlement Effective Date or Effective Date.**

The fifth business day after all the following have occurred:

a.    All parties, Class Counsel, and Defendant's counsel have executed this Agreement;

b.    The Court has entered without material change the Final Approval Order and Judgment; and

c.    The final disposition of any related appeals, and in the case of no appeal or review being filed, the expiration of the applicable appellate period.

The Parties intend that the settlement shall not become effective until the Court's Final Approval Order has become completely final and until there is no timely recourse by an

appellant or objector who seeks to contest the settlement.

37.    **Settlement Fund.**

The sum of $850,000 ($39 for each of the approximately 22,000 individuals that Defendant has indicated are members of the Settlement Class). The Settlement Fund includes the Class Representative Service Payment, Class Counsel Attorney's Fees and Costs, and Class Settlement Administration Costs in connection with this Settlement.

38.    **Settlement Payment.**

"Settlement Payment" means the individualized payment that will be made in the first distribution from the Settlement Fund to the Settlement Class Members who do not timely and validly opt out of the settlement after the payment of the Class Representative Service, Class Counsel Attorney's Fees and Costs, and Class Settlement Administration Costs.

39.    **Defendant's Reversion Total Amount**

"Defendant's Reversion Total Amount" means the amount of any unclaimed funds from the Net Settlement Fund and of any uncashed settlement compensation after the expiration of the 90-day period for negotiating checks used to distribute the Net Settlement Fund which shall automatically revert back to Defendant.

40.    **Settlement Website.**

The website established by the Settlement Administrator to aid in the administration of the settlement.

41.    **Website Notice.**

The notice attached hereto as Exhibit C, subject to Court approval, and which the Settlement Administrator will post on the Settlement Website to explain the terms of the settlement, including the procedure for objecting to or opting out of the settlement.

## III.    RELIEF AND BENEFITS.

### 42.    Monetary Benefits to Settlement Class Members.

In exchange for the releases and waivers of claims described below, Defendant will pay the amount of the Settlement Fund in settlement of all claims asserted against it in this Action, from which Settlement Fund the Settlement Class Members will be paid and the Court-approved Class Counsel Attorney's Fees and Costs, Class Representative Service Payment, and Class Settlement Administration Costs will be paid. Defendant will deposit 100% of the full Settlement Fund with the Settlement Administrator within ten (10) days after the date of the Preliminary Approval Order.

The Net Settlement Fund will be distributed to the Settlement Class Members *pro rata* based on the total number of class members as follows, using the timeline set forth in Section IV (below):

    a.    Any amounts of the Net Settlement Fund minimum that are claimed by any Class Member by the Response Deadline shall be distributed *pro rata* based on the total number of class members.

    b.    Initial payments to Settlement Class Members will be mailed by the Settlement Administrator by check and delivered by first-class U.S. mail, postmarked within ten (10) business days of the Effective Date. All initial checks will expire ninety (90) days after they are issued and will state the expiration date on their faces. If any such payment is returned by the U.S. Postal Service as undeliverable, or is uncashed or not negotiated before it expires, neither Defendant nor the Settlement Administrator nor Class Counsel shall have any further obligations to Plaintiff or any Settlement

9

Class Member, except that:

    i.      For any check returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will re-mail the check to the forwarding address;

    ii.     If a Settlement Class Member contacts the Settlement Administrator or Class Counsel to request a replacement check before the initial check is negotiated, the Settlement Administrator will comply with that request by cancelling the initial check and issuing a replacement check, but the replacement check shall expire on the same date as the original check; and

c.     The parties agree that all Settlement Class Members waive and abandon any ownership interest in any such undeliverable, returned, uncashed, or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, or non-negotiated checks.

d.     After the initial 90-day period for negotiating checks (which total uncashed first check remainder will be calculated by the Settlement Administrator at least 30 days following the 90-day check expiration date), any uncashed settlement compensation in the Net Settlement Fund will revert back to Defendant.

**43.    Taxes.**

The Parties agree the payments to each Settlement Class Member are not wages, that

each Settlement Class Member will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes owed on this payment, and that the Settlement Administrator on Defendant's behalf will issue to each Settlement Class Member an IRS Form 1099 for this payment as necessary. The Parties also agree that the approved Class Representative Service Payment to Plaintiff is not wages, Plaintiff will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes owed on this payment, and that the Settlement Administrator on Defendant's behalf will issue to Plaintiff an IRS Form 1099 for this payment.

44.    **Class Representative Service Payment.**

Defendant agrees that Plaintiff may apply to the Court for a Class Representative Service Payment in an amount not to exceed $2,500. Plaintiff will file his request for approval of Class Representative Service Payment no later than seven (7) days before the hearing on the Motion for Final Approval. Defendant agrees not to oppose the motion for such service payment.

The Settlement Administrator shall pay any approved Class Representative Service Payment no later than seven (7) days after the Effective Date.

45.    **Class Counsel Attorney's Fees and Costs.**

Defendant agrees that Class Counsel may apply to the Court for an award of attorney's fees and costs to be paid from the Settlement Fund. The application for attorney's fees and costs shall be in an aggregate sum not to exceed Thirty Percent (30%). Defendant agrees not to oppose Plaintiff's entitlement to attorneys' fees to the extent they are consistent with these limitations. Class Counsel agrees that they will accept a lesser amount in fees if the Court rejects Class Counsel's application for thirty (30) percent of the Settlement Fund and will accept that amount deemed reasonable by the Court.

11

Class Counsel will file the application for approval of Class Counsel Attorney's Fees and Costs no later than 14 days before the hearing on the Motion for Final Approval.

The Settlement Administrator shall pay any approved Class Counsel Attorney's Fees and Costs no later than seven days after the Effective Date as directed by Class Counsel in accord with the Final Approval Order.

**46.    Payments to the Settlement Administrator.**

The Settlement Administrator shall pay any approved Class Settlement Administration Costs no later than seven (7) days after the Effective Date.

## IV.    NOTICE, OPT-OUT, OBJECTIONS AND SETTLEMENT APPROVAL

**47.    Notice to Settlement Class Members.**

Not later than seven (7) calendar days after the Court has issued the Preliminary Approval Order, Defendant shall disclose the names and last known addresses of members of the Settlement Class to the Settlement Administrator.

No later than seven (7) calendar days after receipt of such information, the Settlement Administrator will mail the Notice (attached as Exhibit A) to all Settlement Class Members via first-class U.S. Mail, postage prepaid and return service requested to such Settlement Class Member's last known mailing address, as updated by using the U.S. Postal Service's database of verifiable mailing addresses (the CASS database) and the National Change-of-Address database. The Notice shall bear the Settlement Administrator's mailing address as the return-mail address. The Notice will include an indication it is a "Court Approved Settlement Notice authorized by the U.S. District Court for the Middle District of Florida" and may also include a bar code.

A Claim Form (Exhibit B) will also be included as part of the mailing.

The Settlement Administrator shall also make available the Notice reflected in Exhibit C

12

to all members of the Settlement Class via the Settlement Website.

**48.     Notices Returned as Undeliverable.**

For all Notices returned to the Settlement Administrator without forwarding addresses, the Settlement Administrator will use publicly available databases as practicable to update those Settlement Class Members' addresses and will cause the Notice to be re-mailed by the Settlement Administrator to such Settlement Class Members who can be located.

**49.     Toll-Free Telephone Line.**

The Settlement Administrator will establish and staff a toll-free telephone line that members of the Settlement Class can use to contact the Settlement Administrator with questions about the settlement or to change their addresses.

**50.     Claim Form Procedures.**

To receive a portion of the Net Settlement Fund, all members of the Settlement Class must submit a timely Claim Form by the Response Deadline. The date of the postmark on the return mailing envelope or the timestamp on the fax or if submitted electronically through the Claims Administration website, will be the exclusive means to determine whether a Claim Form has been timely submitted. However, it is not the intention of the Parties to exclude Class Members from participating in the Settlement for technical reasons that do not interfere with the orderly administration of the Settlement. Therefore, the Settlement Administrator will compile a list of claims rejected for failure to cure an unsigned Claim Form.

If the Settlement Class member's Claim Form or Request for Exclusion is defective as to the requirements listed herein, that Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Class Member a cure letter ("Cure Letter") within three (3) business days of receiving the defective submission to advise the Class Member

that his or her submission is defective and that the defect must be cured to render the Claim Form or Request for Exclusion valid. The Class Member will have until the later of (a) the Response Deadline or (b) fifteen (15) calendar days from the date of the cure letter, to postmark, fax, or electronically submit a revised Claim Form or Request for Exclusion. If a Class Member responds to a Cure Letter by filing a defective claim, then the Claims Administrator will have no further obligation to give notice of a need to cure. If the revised Claim Form is not postmarked, received by fax, or electronically submitted within the later of (a) the Response Deadline or (b) fifteen (15) calendar days from the date of the cure letter, it will be deemed untimely.

**51.    Right to Opt Out.**

All members of the Settlement Class will have the right to be excluded from, *i.e.*, to "opt out" of, the Settlement Class. On or before the Response Deadline, each member of the Settlement Class who elects to opt out of the settlement must send, by first-class U.S. mail, written notice addressed to the Settlement Administrator indicating his or her name and address and stating that he or she desires to opt-out of the settlement or otherwise does not want to participate in the settlement. Any member of the Settlement Class who does not timely (as measured by the postmark on that individual's written notice) opt out of the settlement by written notice directed to the Settlement Administrator and containing the requisite information shall remain a member of the Settlement Class and shall be bound by any Orders of the Court about the Settlement or the Settlement Class. Any member of the Settlement Class who fails to timely and validly opt out of the Settlement shall be bound by the terms of this Settlement. If more than 3,300 members of the Settlement Class (approximately 15%) validly, timely, and individually opt out of the class, then Defendant may in its sole discretion exercise its right to void the Settlement, in which case this Agreement will be vacated, rescinded, cancelled, and annulled,

and the Parties will return to the status quo ante as if they had not entered into this settlement. In that event, the settlement and all negotiations and proceedings related to the settlement will be without prejudice of the rights of the Parties, and evidence of the settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

**52.    Objections.**

Any member of the Settlement Class who wishes to object to the settlement must return to the Settlement Administrator a timely written statement of objection no later than thirty days after the date the Settlement Administrator mails the Notice of Settlement. The Notice of Objection must state (1) the case name and number; (2) the name, address, telephone number, and email address (if any) of the member of the Settlement Class making the objection; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and any legal authorities underlying each objection; (5) a notice of intent to appear at the final Fairness Hearing, if the Settlement Class Member making the objection intends to appear; (6) a list of any witnesses the Settlement Class Member making the objection may call to testify at the Final Approval Hearing, whether in person, by deposition, or affidavit; and (7) a list of any exhibits, and copies of the same, which that such objector may offer at the Final Approval Hearing. Any objection must be personally signed by the objector.

No member of the Settlement Class shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Court's Final Approval Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement. Any member of the Settlement Class who fails to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the settlement.

15

The Settlement Administrator shall provide any objections and backup information to Defendant's Counsel and Class Counsel, who shall file same with the Court at least seven days before the Final Approval Hearing or as otherwise ordered by the Court.

**53.    Preliminary Settlement Approval.**

As soon as practicable after the Parties execute this Agreement, Class Counsel will present this Agreement to the Court for preliminary settlement approval and will request by unopposed motion that the Court enter a Preliminary Approval Order.

**54.    Final Approval Hearing and Final Approval Order and Judgment.**

The Parties agree to cooperate to work to schedule a Final Approval Hearing as soon as practicable.

## V.    RELEASE OF CLAIMS.

**55.    Release of Claims by the Class Members**

On the Settlement Effective Date, all members of the Settlement Class who have not timely and properly opted out of the settlement, and all those acting or purporting to act on their behalf including, but not limited to, their successors, assigns, legatees, heirs, and personal representatives, fully and forever release, waive, acquit, and discharge Defendant and the Released Parties to the fullest extent permitted by law from any and all Released Claims.

**56.    Prior Releases and Waivers of Claims**

Defendant agrees that the Settlement Class Members' or Plaintiff's receipt of funds under this Agreement is not a violation of any prior promises, contracts, agreements, waivers or covenants between Defendant and the Settlement Class Members or Plaintiff.

## VI.    OTHER PROVISIONS.

### 57.    No Admission of Liability.

The Parties acknowledge and agree that neither the fact of, nor any provision contained in, this Agreement, nor the implementing documents or actions taken under them, nor Defendant's willingness to enter into this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the settlement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law, or liability whatsoever, the validity of any claim or fact alleged in this Action, or any infirmity of any defenses asserted by Defendant in this Action.

### 58.    If Settlement Not Approved.

If any court disapproves or sets aside the Parties' Settlement or this Agreement or any material part of either for any reason or refuses to enter or give effect to the Final Approval Order or holds that any terms of the Settlement or this Agreement or any of the attached exhibits should be modified in any material way, then the Parties may either jointly agree to accept the Settlement or this Agreement as judicially modified or, if they do not agree, either Party may appeal that ruling to the extent possible, or, in the alternative, terminate the Agreement. If the Agreement is terminated pursuant to this provision, or if an appeal is filed and if the Settlement, this Agreement, or the Final Approval Order or its equivalent in all material respects are not in effect after the termination of all proceedings arising out of that appeal, then unless the Parties jointly agree otherwise, this Agreement shall become null and void, the Parties will return to the status quo ante, the Settlement Fund amount shall be returned to Defendant, and the Parties will jointly request that the Action proceed. The amount of the Settlement Fund is agreed by the Parties to be a material term of this Agreement.

59.    **Settlement Modification.**

The Parties may agree by stipulation executed by counsel to modify the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court about the contents of such exhibits without the need to further amend this Agreement. A stipulation modifying the settlement will be filed with the Court and subject to the Court's approval.

60.    **Class Certification.**

On May 8, 2018, the Court entered an order certifying the Settlement Class.  The Parties have reached a compromise in principle on a class basis, contingent upon the negotiation and execution by the parties of this final agreement being approved by the Court.  Defendant denies it has engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action, denies that the claim asserted by Plaintiff is suitable for class treatment other than for settlement purposes, and denies that it has any liability whatsoever, but has agreed to this Settlement Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations.  Nothing in this Agreement shall be construed as an admission by Defendant or any of the Released Parties that this Action or any similar case is amenable to class certification. Furthermore, nothing in this Agreement shall prevent Defendant from seeking decertification of a certified class if the Court does not issue a Final Approval Order.

61.    **Communications with Settlement Class Members.**

The Parties agree that Class Counsel may communicate directly with members of the

Settlement Class to ensure as much participation in the settlement as possible.

**62.    No Waiver of Privilege.**

Nothing in this Agreement is intended to limit or waive the confidentiality of attorney-client privileged communications between Class Counsel and their current clients and members of the Settlement Class, nor is anything in this Agreement intended to limit the ability of Class Counsel to make truthful representations to judicial authorities about either its appointment as class counsel or the settlement of this Action. Likewise, nothing in this Agreement is intended to limit Defendant's or its agents' communications with their counsel or their ability to respond to judicial or other government authorities.

**63.    Agreement Not Evidence.**

Neither this Agreement nor any related documents, negotiations, statements, or Court proceedings may be construed as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Defendant and the Released Parties, or as a waiver by Defendant of any applicable defense to the merits of the claims asserted or to Plaintiff's ability to maintain this Action as a class action, except that this Agreement is admissible at hearings necessary to obtain and implement Court approval of the Parties' settlement or in hearings to enforce the terms of this Agreement or any related order of the Court.

**64.    No Waiver of Rights.**

A Party's failure to exercise any rights under this Agreement shall not constitute waiver of that Party's right to exercise those rights later, except as expressly provided in this Agreement. No delay by any Party in exercising any power or right under this Agreement will operate as a waiver of that power or right, nor will any single or partial exercise of any power or right under

this Agreement preclude other or further exercises of that or any other power or right, except as expressly provided. The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

**65.    Authority.**

The signatories below represent they are fully authorized to enter into this Agreement.

**66.    Best Reasonable Efforts and Mutual Full Cooperation.**

The Parties agree to fully cooperate with one other to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Agreement, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to ensure that checks are mailed to Settlement Class Members as soon as practicable under the terms of this Agreement. As soon as practicable after execution of this Agreement, Class Counsel will, with the assistance and cooperation of Defendant and its counsel, take all necessary steps reasonably necessary to secure the Court's preliminary and final approval of the Parties' settlement.

**67.    Entire Agreement.**

This Agreement, with its exhibits, constitutes the full and entire agreement among the Parties concerning the subject matter and supersedes all prior representations, agreements, promises, or warranties, written, oral, or otherwise. No Party shall be liable or bound to any other Party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in or attached to this Agreement.

**68.    Modification.**

This Agreement may not be changed, altered, or modified except in a writing signed by

the Parties. This Agreement may not be discharged except by performance in accordance with its
terms or by a writing signed by the Parties.

### 69.    Binding.

This Agreement will be binding upon and will inure to the benefit of the Parties and their
respective heirs, trustees, executors, administrators, successors, and assigns.

### 70.    No Prior Assignments.

The Parties represent, covenant, and warrant that they have not directly or indirectly,
assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or
entity any portion of any liability, claim, demand, action, cause of action, or rights that are
released or discharged in this settlement.

### 71.    Construction.

The Parties agree that the terms and conditions of this Agreement are the result of
lengthy, arms-length negotiations between the Parties and that this Agreement will not be
construed in favor of or against any Party because of the extent to which any Party or the Party's
counsel participated in the drafting of this Agreement.

### 72.    Construction of Captions and Interpretations.

Paragraph titles, captions, or headings in this Agreement are inserted as a matter of
convenience and for reference and do not define, limit, extend, or describe the scope of this
Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a
recital.

### 73.    Notices.

Unless otherwise specifically provided in this Agreement, any notices, demands or other
communications required hereunder or after entry of the Court's Final Approval Order and

Judgment shall be in writing and addressed as follows:

**If to Plaintiff:**

Marc Reed Edelman, Esquire
MORGAN & MORGAN, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602-5157
Telephone: 813-223-5505
Facsimile:  813-257-0572
medelman@forthepeople.com

Attorney for Plaintiff

**If to Defendant:**

Robin Taylor Symons, Esquire
Gordon & Rees Scully Mansukhani
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5330
Facsimile:  877-644-6209
rsymons@grsm.com

Attorney for Defendant

If mailed, notice will be deemed given as of the third business day after mailing. If sent by overnight delivery or delivered person, notice will be deemed given on the date of delivery.

The Parties agree that, because the Settlement Class Members are so numerous, it is impossible and impracticable to have each Settlement Class Member execute this Agreement. Therefore, the Notice will advise all Settlement Class Members of the binding nature of the release and will have the same force and effect as if this Agreement were executed by each Settlement Class Member to the extent applicable law so provides.

74.    **Exhibits.**

A – Proposed Short Form Mail Notice

B – Claim Form

C – Long Form Website Notice

IN WITNESS THEREOF, and intending to be legally bound, the Parties hereto have

caused this Settlement Agreement and Release to be executed by their duly authorized

representative.

Dated this 4th day of October, 2018.

<div style="display: flex; justify-content: space-between;">

**/s/ Marc R. Edelman**
Marc Reed Edelman, Esquire
Florida Bar No.: 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602-5157
Telephone: 813-223-5505
Facsimile: 813-257-0572
medelman@forthepeople.com
*Attorney for Plaintiff*

**/s/ Robin Taylor Symons**
Robin Taylor Symons, Esquire
Florida Bar No.: 356832
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: 305-428-5330
Facsimile: 888-644-6209
rsymons@grsm.com
*Attorney for Defendant*

</div>

EXHIBIT "A"

## <u>FOSBRINK V. AREA WIDE PROTECTIVE CLASS ACTION</u>

**THE CLAIM FORM MUST BE RECEIVED BY _____, 2018.
IF YOU WANT TO SHARE IN THE SETTLEMENT, THEN YOU MUST MAIL
IN THIS FORM TO:**

**[Address Insert]**

**Check <u>only one</u> area below:**

**_____ Yes, I <u>want</u> to receive a *pro rata* portion of the $850,000.00 settlement fund (less
Class Counsel's fees and litigation expenses, including the Class Representative's
service award).  I understand that my payment will be based upon the total number
of class members and the amount of attorney's fees and litigation expenses.**

**Signature:** _____

**Print Name:** _____

**Address:** _____

_____

**If your name or address has changed, please enter the new information below:**

**Name:**_____

**Address:**_____

**City:**_____, **State**_____, **Zip Code**_____

EXHIBIT "B"

*A court authorized this notice.  This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT

**IF AREA WIDE PEOTECTIVE OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK)
FROM MAY 16, 2015 THROUGH **********, 2018, FOR A JOB APPLICATION, YOU COULD RECEIVE
A *PRO RATA* SHARE OF A CLASS ACTION SETTLEMENT**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ
THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **HOW TO GET PAID FROM THE SETTLEMENT** | If you timely return the attached Claim Form or file a claim through the Settlement Website noting that you choose to receive a cash recovery, and the Court grants final approval of the Class Settlement, you will be sent a Settlement Check.  The amount of your Settlement Check will be determined by dividing: 100% of the Settlement Fund by the total number of Class Members.  The amount of each Settlement Check will be reduced on a *pro rata* (proportional) basis by the amount that the Court determines that Class Counsel and the Class Representative should receive for compensation for the prosecution of the instant action (see Paragraph 12 above). <br><br> THE CLAIM FORM MUST BE RECEIVED BY THE CLASS SETTLEMENT ADMINISTRATOR NO LATER THAN _____, 2018. |
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will be releasing your claims and you will not receive your *pro rata* share of a class action settlement.  The Full Release and Released Parties are available on the Settlement Website, [WEB ADDRESS] |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out").  You can opt out by following the instructions on the Settlement website.  You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit.  The opt out deadline is _____, 2018. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement.  The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website.  If the Settlement is approved, you will not be able to sue AREA WIDE PROTECTIVE for claims relating to an employment background check when you applied for a job.

### What is this lawsuit about?

This lawsuit is pending in the United States District Court for the Middle District of Florida.  William Fosbrink ("Plaintiff") sued Area Wide Protective ("Defendant") in this class action case (*Fosbrink v. Area Wide Protective, Inc., 8:17-CV-01154-JSM-CPT*) alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(2), because it did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.  Plaintiff alleges that the authorization form that Defendant used included information in addition to that permitted by the law and, therefore, was not a disclosure that consisted solely of the disclosure.  Defendant contends that its procedures did not violate the FCRA, and that it did not willfully violate the FCRA.

This "Disclosure Settlement Class" is defined to include:

> All AREA WIDE PROTECTIVE employees and job applicants who applied for or worked in a position at AREA WIDE PROTECTIVE in the United States and who were the subject of a consumer report that was procured by AREA WIDE PROTECTIVE within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A) and as to whom AREA WIDE PROTECTIVE used the purported disclosure and authorization form substantially similar to that allegedly used with Plaintiff.

**Who are the Attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

<div align="center">

**Marc R. Edelman**
**Morgan & Morgan, P.A.**
**201 N. Franklin Street, Floor 7**
**Tampa, FL 33602-5157**
**813.577.4722**

</div>

Subject to the Court's approval, all reasonable attorney's fees and costs in an aggregate amount to be determined by the Court but not exceeding thirty percent (30%), and costs of Settlement Notice and Settlement Administration will be paid by the Settlement Fund. Plaintiff will also ask the Court for a Service Award up to $2,500.00.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or file a lawsuit against AREA WIDE PROTECTIVE regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include AREA WIDE PROTECTIVE and its past and present related entities, direct or indirect affiliates, parent companies and other subsidiaries and assigns, and any and all of their past, present and future directors, officers, trustees, employees, attorneys, insurers (including but not limited to Chubb), agents, servants and representatives, whether in their individual or official capacities. You will be releasing these parties from all claims relating to AREA WIDE PROTECTIVE's employment background check when you applied for a job.

**If I chose to do so, how do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

JND Legal Administration
[INSERT ADDRESS]

Your request for exclusion must be in writing and postmarked on or before _____, 2018. The request must state: "I do not want to be part of the Class in *Fosbrink v. Area Wide Protective, Inc., 8:17-CV-01154-JSM-CPT*." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____201_, at _____ a.m./p.m.. The hearing will be held in the United States Federal Courthouse for the Middle District of Florida, located in Tampa, Florida. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website AWPfcraclassaction.com.

EXHIBIT "C"

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIAM FOSBRINK, on behalf of himself
and on behalf of all others similarly situated,

       Plaintiffs,

                                   CASE NO. 8:17-CV-01154-JSM-CPT

vs.

AREA WIDE PROTECTIVE, INC.,

       Defendant.

_____/

**NOTICE OF PENDENCY OF CLASS ACTION,
<u>PROPOSED SETTLEMENT AND HEARING</u>**

**TO**:    Class Members: All employees and job applicants of AREA WIDE
PROTECTIVE ("Defendant") in the United States who were the subject of a
consumer report that was procured by Defendant for employment purposes
between May 16, 2015 and the date of the Preliminary Approval Order ("Class
Members").

**YOU MAY BE ENTITLED TO A RECOVERY**

**BASIC INFORMATION**

| 1.  Why was this notice issued? |
|---|

A court authorized this notice ("Class Notice") because you have a right to know about a
Proposed Settlement of this class action lawsuit and about your options before the Court decides
whether to give "final approval" to the Proposed Settlement.  This notice explains the lawsuit,
the Proposed Settlement, your legal rights, what benefits will be provided, and who will receive
them.

This case is currently pending in the United States District Court for the Middle District of
Florida, Tampa Division.

| 2.  What is this lawsuit about? |
|---|

This litigation has been brought by William Fosbrink (the "Class Representative"), on behalf of
himself and all others similarly situated, against Defendant Area Wide Protective ("Defendant")
alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the
"FCRA").  In the Complaint, the Class Representative seeks certification of a nationwide class
under the FCRA.

As alleged in the Complaint, the Class Representative was formerly employed by Defendant.
During the employment application process, Defendant procured a consumer report on the Class

Representative. The Class Representative alleges that, in connection therewith, Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to: 1) disclose to the Class Representative and other of its employees, former employees, and/or prospective employees (in a document consisting solely of the disclosure) that it was going to obtain a consumer report for employment purposes prior to obtaining a copy of the actual report; and, 2) as a result, obtain the proper authorization under the FCRA to obtain those consumer reports (collectively, the "FCRA Claims"). More particularly, the Class Representative alleges that the FCRA disclosure and authorization form(s) utilized by Defendant: 1) was/were not (a) stand-alone disclosure(s); and 2) contained extraneous information, more particularly "liability releases," "blanket authorizations to various entities to release information otherwise protected by state or federal laws," and "extraneous information about various state laws."

Defendant denies that the FCRA disclosure and authorization forms that it utilized/utilizes violated/violate the FCRA. Defendant has raised several meritorious defenses to the Class Representative's allegations that Defendant violated the FCRA.

### 3. Why is this a class action?

The parties have agreed and the Court has ordered that, for settlement purposes only, this lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23, subject to final approval at the conclusion of the settlement process. If the Proposed Settlement is not finally approved, or if any party withdraws from the Proposed Settlement, the lawsuit will return to the same status as before the Settlement Agreement was signed, and the Court will later determine if the case may proceed as a class action.

### 4. How do I know if I am part of the Proposed Settlement?

The Proposed Settlement includes approximately 22,000 natural persons in the United States of America who were employed by or applied for employment with Defendant and who were the subject of a consumer report that was procured by Defendant for employment purposes between May 16, 2015 and the date of the Preliminary Approval Order. Excluded from the Class are the persons who timely and validly request exclusion from the Class (*see* Question 10 below).

You are receiving this Notice because it is believed that you are a member of the Settlement Class.

### 5. Why is there a Proposed Settlement?

The parties arrived at the Proposed Settlement as a result of arms-length negotiations, including a face-to-face meeting between the lawyers for each side during a mediation session with a court authorized mediator. The parties reached the Proposed Settlement after the Court determined that class certification was appropriate. The Proposed Settlement is a compromise of disputed claims and does not mean that any law was violated or that Defendant did anything wrong.

### THE PROPOSED SETTLEMENT BENEFITS

### 6. What benefits does the Proposed Settlement provide?

The Proposed Settlement provides for monetary benefits, as follows:

A. Monetary Benefits:

1.  In consideration for the dismissal with prejudice of the FCRA Claims, and the releases set forth below, Defendant shall pay $850,000 as a total settlement fund ("Settlement Fund") to the Class for statutory damages, attorney's fees and costs, pursuant to the FCRA and all applicable state law(s), in the form of a check ("Settlement Check") from which each identifiable Class Member will be provided a notice to file a claim ("Claim Form") to receive a *pro rata* (proportional) share of the Settlement Fund (*see* Question 13 below).  The Claim Form to be used by Class Members is attached to this Class Notice.

2.  Any payment due to you under the Settlement Agreement will be reduced on a *pro-rata* basis to pay for court-approved attorney's fees and expenses of litigation (*see* Question 12 below).

3.  The payments to the Class Members under this Settlement Agreement shall be made within 10 days from the date the Settlement becomes final.

4.  The payments to the Class Members shall be in the form of a Settlement Check which will become void ninety (90) days from the date of issue.  The date of issue of the Settlement Check shall be the same date as the date the Settlement Check is mailed to each Participating Class Member.  Once a Settlement Check issued to a Class Member pursuant to this section becomes void, Defendant shall have no further obligation to such Class Member.

5.  If any Class Member does not negotiate his or her Settlement Check within ninety (90) days from the date of issuance, the funds shall revert back to Defendant, subject to Court approval.

More details of the proposed Settlement are in a document called the Settlement Agreement, which is available for your inspection at the Office of the Clerk, U.S. District Court for the Middle District of Florida, Tampa Division, 801 N. Florida Avenue, Tampa, Florida 33602, during normal business hours.

## 7.  When will the Proposed Settlement go into effect?

The Court will hold a final approval hearing on _____, 201_ to decide whether to approve the Proposed Settlement (*see* Question 15) including the request for attorney's fees and litigation expenses (*see* Question 12).  Even if the Court approves the Proposed Settlement, there could be appeals.  The time for an appeal varies.

If no appeals are taken, the Effective Date is the date on which the Court approves the Proposed Settlement as final, subject to certain conditions.  If an appeal is taken, the Effective Date is the date when all appeals are completed and the Proposed Settlement becomes final.

The Proposed Settlement will go into effect on the Effective Date.

## 8.  What am I giving up as part of the Proposed Settlement?

If you do nothing, you will be part of the Class.  That means you cannot sue Defendant and its related parties over the claims settled in this case.  It also means that all of the Court's orders,

3

including the release of claims and dismissal of the lawsuit with prejudice (*see* Question 9), will apply to you and legally bind you.

Your interests as a member of the Class will be represented by the Class Representative and Class Counsel. You will not be billed for their services. Class Counsel will receive a fee only if the Court approves the Proposed Settlement, and the attorney's fees and litigation expenses will be set by the Court and paid from the Settlement Fund (*see* Question 12 below).

## 9. How does the Proposed Settlement affect my rights?

If the Proposed Settlement is finally approved, the Court will enter a judgment dismissing all claims against Defendant with prejudice. Under the terms of the Proposed Settlement, you will release Defendant with respect to the claims that were raised or could have been raised in the case related to the FCRA Claims described above. This means you cannot seek equitable relief or any type of monetary relief against Defendant and its related parties based on any claim related to or arising out of the FCRA Claims. You will be giving up all such claims, whether or not you know about them.

The Court's order will apply to you even if you objected or have any other claim, lawsuit, or proceeding pending against Defendant. If you have any questions about the release, you should consult with a lawyer.

### EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to keep your right to sue Defendant with respect to the FCRA Claims, you must take steps to remove yourself from the Proposed Settlement. This is called asking to be excluded from – or "opting out" of – the Class.

## 10. How do I remove myself from the Proposed Settlement?

If you choose to exclude yourself from the Class, you will not be bound by any order, judgment or settlement of the lawsuit. If you exclude yourself from the Class, you will not receive any benefits from this class action. You will retain and be free to pursue any claim against Defendant that you may have.

To exclude yourself from the Proposed Settlement, you must mail a letter saying that you want to be excluded from the Class in *Fosbrink vs. Area Wide Protective*. You must include your full name, current mailing address, and telephone number, and the letter must be signed by you personally. Your letter requesting exclusion must be mailed or otherwise delivered to the following address such that it is **received by [30 days after Notice Date], _____, 2018**:

Fosbrink Class Action c/o
JND Legal Administration
[Address Insert]

You cannot exclude yourself on the phone or by email.

### THE LAWYERS REPRESENTING YOU

4

**11. Do I have a lawyer in this case?**

Yes. The Court has appointed Marc Edelman of the law firm Morgan & Morgan, PA to represent you and the other Class Members in this case. Mr. Edelman is called Class Counsel.

You will not be charged for Mr. Edelman's representation. Class Counsel's compensation will be paid from the Settlement Fund. If you want to be represented by another lawyer, you may hire one at your own expense.

**12. How will the lawyers be paid? What will the Class Representative receive?**

Class Counsel will ask the Court to approve attorney's fees and expenses to be paid from the Settlement Fund. As fees and expenses, Class Counsel will ask the Court to award the sum of $255,000 to be paid from the Settlement Fund which represents thirty percent (30%) of the value of the total Settlement Fund. Class Counsel will also ask the Court to approve payment to the Settlement Administrator in amount not to exceed $52,000 for Settlement Notice and Settlement Administration, and a service award of $2,500 to be paid from the Settlement Fund to the Class Representative for the time and resources that he has spent helping the lawyer on behalf of the whole Class. The Court may award less than the requested amount to both Class Counsel and the Class Representative.

No Class Member will owe or pay anything for attorney's fees and expenses or the service award. Any award of attorney's fees and expenses or the service award will be paid from the Settlement Fund.

The Court must approve the attorney's fees and expenses for Class Counsel and the service award for the Class Representative. The Court will conduct a hearing on attorney's fees and litigation expenses for Class Counsel and the service award to the Class Representative at the same time of the final approval hearing.

### GETTING MONEY FROM THE PROPOSED SETTLEMENT

**13. How do I obtain money from the Proposed Settlement?**

If you timely return the attached Claim Form noting that you choose to receive a cash recovery, and the Court grants final approval of the Class Settlement, you will be sent a Settlement Check. The amount of your Settlement Check will be determined by dividing: 100% of the Settlement Fund by the total number of Class Members. The amount of each Settlement Check will be reduced on a *pro rata* (proportional) basis by the amount that the Court determines that Class Counsel and the Class Representative should receive for compensation for the prosecution of the instant action (see Paragraph 12 above).

THE CLAIM FORM MUST BE RECEIVED BY THE CLASS SETTLEMENT ADMINISTRATOR NO LATER THAN _____, 2018.

### OBJECTING TO THE PROPOSED SETTLEMENT

**14. How do I tell the Court I don't agree with the Proposed Settlement?**

You may object to any part of the Proposed Settlement. To do so, you must file a written objection in the case *Fosbrink vs. Area Wide Protective, Inc.,* Case No.: 8:17-CV-01154-JSM-CPT. Any objection must set forth your full name, current mailing address and telephone number and must include: (a) a written statement explaining the reasons for your objection; (b) copies of any papers, briefs, or other documents you want to bring to the Court's attention; (c) any evidence you wish to introduce in support of your objection; and (d) a statement of whether you or your lawyer will ask to appear at the final approval hearing to talk about your objections.

Your objection must be mailed or otherwise delivered to each of the following addresses so that it is **received by [30 days after Notice Date], 201_:**

| Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>United States District Court for the<br>Middle District of Florida, Tampa Division<br>801 N. Florida Avenue<br>Tampa, Florida 33602 | Fosbrink Class Action<br>Settlement Administrator<br>JND Legal Administration |
| **Class Counsel** | **Defendant's Counsel** |
| Marc Edelman, Esq.<br>Morgan & Morgan, P.A.<br>201 N. Franklin Street, Suite 700<br>Tampa, Florida 33602 | Robin Taylor Symons, Esq.<br>Gordon & Rees Scully Mansukhani<br>100 SE Second Street, Suite 3900<br>Miami, Florida 33131 |

If you or your lawyer ask to appear at the final approval hearing, in addition to providing the above information, you must include in your objection letter: (a) the points you wish to speak about at the hearing; (b) copies of documents you intend to rely upon at the hearing; (c) the amount of time you request for speaking at the hearing; and (d) whether you intend to have a lawyer speak on your behalf.

If you intend to have a lawyer present, your lawyer must file a written notice of appearance of counsel with the Clerk of the Court no later than **[30 days after Notice Date]**.

**15. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the case no longer affects you.

THE COURT'S FINAL APPROVAL HEARING

**16. When and where will the Court decide whether to approve the Proposed Settlement?**

The Court will hold a final approval hearing to decide whether the Proposed Settlement is fair, reasonable, and adequate and should be granted final approval. The Court will also consider whether to award attorney's fees and other expenses to Class Counsel, whether to provide a service award to the Class Representative, and whether to enter a final judgment and dismiss the lawsuit. If there are objections, the Court will consider them. You may attend and you may ask to speak.

6

The final approval hearing will be at _____ a.m. on _____ before Judge James S. Moody, Jr., United States District Court for the Middle District of Florida, Tampa Division, 801 N. Florida Avenue, Tampa, Florida 33602, Courtroom _____.

The Proposed Settlement may be approved with modifications, and without further notice, if consented to by the Class Representative and Defendant and their respective attorneys in accordance with the terms of the Settlement Agreement.

## 17. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. If you send a written objection, you do not have to come to the final approval hearing to talk about it. As long as you mailed your written objection on time and according to the Court's rules, the Court will consider it. You may also pay your own lawyer to attend the final approval hearing, but it is not necessary.

### IF YOU DO NOTHING

## 18. What happens if I do nothing?

You have the right to do nothing. If you do nothing, you will remain part of the Class and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the claims in this case, ever again. However, if you do nothing, you will not receive your *pro rata* portion of the Settlement Fund.

### GETTING MORE INFORMATION

## 19. How do I get more information?

If you have any questions concerning the matters dealt with in this notice, please direct your inquiries to the following Class Counsel:

> Marc Edelman, Esq.
> Morgan & Morgan, P.A.
> 201 N. Franklin Street, Suite 700
> Tampa, Florida 33602
> (813) 577-4722

The pleadings and other records in this litigation are available and may be examined and copied during regular office hours at the United States District Court, Middle District of Florida, Tampa Division, 801 N. Florida Avenue, Tampa, Florida 33602. **PLEASE DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS CONCERNING THIS NOTICE OR THIS CASE.**

DATE: _____, 2018.           _____
                                       Clerk of Court
                                       United States District Court

Middle District of Florida, Tampa Division