UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM FOSBRINK, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                                 Case No. 8:17-cv-1154-T-30CPT

AREA WIDE PROTECTIVE, INC.,

    Defendant.
_____/

**ORDER ON JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**SETTLEMENT AND NOTICE TO SETTLEMENT CLASS**

THIS MATTER came before the Court upon the parties' Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class (Doc. 70). Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court concludes that the motion should be granted.

**DISCUSSION**

On May 8, 2018, the Court certified the following class:

> All AWP, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by AWP, Inc. within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A) and as to whom AWP, Inc. used the purported disclosure and authorization form, or substantially similar forms, attached hereto as Exhibit A.

(Doc. 58).

On October 4, 2018, the parties filed their Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class. The issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of the Class.

Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable…" *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[1] *see also* Fed. R. Civ. P. 23(e)(2).

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson,* 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

Based on the parties' good faith basis for the settlement set forth in the Joint Motion, and the Court's independent review of the record in this case, the Court concludes that the Settlement Agreement should be preliminarily approved. The also Court concludes that the Notice of Proposed

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Class Action Settlement meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights.

Thus, it is hereby **ORDERED and ADJUDGED** that:

1. The Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class (Doc. 70) is granted.  The Court approves the proposed notice plan and the language of the notice proposed by the parties.  The Court also approves the deadlines and procedures the Settlement Agreement provides for filing claims, opting out, objecting, and filing a motion for attorney's fees and costs, class settlement administration costs, and an incentive award for Plaintiff.

2. The Court sets this case for a Fairness Hearing on **TUESDAY, JANUARY 22, 2019, AT 9:00 A.M.** in Tampa Courtroom 17 at the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Ave., Tampa, FL  33602 and instructs the parties to include this hearing date, time, and location in the Notice to be sent pursuant to the notice plan.

DONE AND ORDERED in Chambers at Tampa, Florida this 5th day of October, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record